372 F.2d 444
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
A & B ZINMAN, INC., Horn Construction Company, Inc., and General Building Laborers' Local 66, International Hod Carriers Building and Common Laborers Union of America, AFL-CIO, Respondents.
 Nos. 270-272.
 Dockets 30727-30729.
 United States Court of Appeals Second Circuit.
 Argued January 5, 1967.
 Decided February 3, 1967.
 
 Robert Hillman, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen., Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Washington, D. C., Atty.), for petitioner.
 David Kramer, New York City (Ernest Fleischman and Delson & Gordon, New York City, on the brief), for respondent, General Building Laborers' Local 66.
 Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 The Board seeks enforcement of its order based upon a finding of violation by respondent Union of Section 8(b) (2) and (1) (A) of the National Labor Relations Act, 29 U.S.C. § 158(b) (2) and (1) (A)[1] and by respondent Employers of Section 8(a) (3) and (1), 29 U.S.C. § 158(a) (3) and (1).[2]
 
 
 2
 Substantial evidence in the record supports the conclusion of the Board that Hart, an employee first of Zinman and then of Horn, was discharged from both positions at the instance of the Union acting through its assistant business representative Joseph Thompson.
 
 
 3
 The circumstances of Hart's discharge were as follows:
 
 
 4
 Hart was a member of the Union. An election of Union officials was about to be held and Hart announced his support for one Nusser who was chosen to run for Thompson's position as assistant business representative. It was decided that Hart would nominate Nusser and would assist in managing his campaign. Upon learning of this activity Thompson insisted on Hart's discharge from the position he then held with Zinman. Hart then secured a position with Horn, and Thompson also brought about his discharge from that position.
 
 
 5
 The Board, in addition to the usual order to cease and desist, ordered that Hart be made whole for loss of pay and be restored to his position if it was still available.
 
 
 6
 By procuring the discharge of Hart for his activities within the Union, to wit, his support of a particular candidate for Union office, the Union violated Section 8 (b) (2) in causing Hart's employers to discriminate in violation of Section 8(a) (3). Local 138, Int'l Union of Operating Engineers, AFL-CIO v. National Labor Relations Board, 321 F.2d 130, 136-37 (2d Cir. 1963); National Labor Relations Board v. Local 138, Int'l Union of Operating Engineers, 254 F.2d 958 (2d Cir. 1958), enforcing 118 NLRB 669 (1957); Brewers and Maltsters Local 6 v. National Labor Relations Board, 301 F.2d 216, 218-24 (8th Cir. 1962). The Union and the Employers also violated Section 8(a) (1) and 8(b) (1) (A) by restraining or coercing Hart in violation of his Section 7 rights.
 
 
 7
 The respondent Union's reliance on National Labor Relations Board v. Miranda Fuel Co., Inc., 326 F.2d 172 (2d Cir. 1963) and National Labor Relations Board v. Local 294, Int'l Bhd. of Teamsters, 317 F.2d 746 (2d Cir. 1963) is entirely misplaced. In those cases there was nothing to indicate that the discharge of the employees was based upon or connected with any union activity. Here the discrimination against Hart was based solely upon his "union-connected activities" (National Labor Relations Board v. Local 294, Int'l Bhd. of Teamsters, supra, 317 F.2d at 749).
 
 
 8
 Order enforced.
 
 
 
 Notes:
 
 
 [1]
 (b) It shall be an unfair labor practice for a labor organization or its agents —
 (1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title * * *.
 (2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a) (3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;
 Section 157 provides:
 Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a) (3) of this title.
 
 
 [2]
 (a) It shall be an unfair labor practice for an employer —
 (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;
 * * * * *
 (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *.